**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
SILVERIO QUIROZ, *individually and on behalf of others similarly situated*,

                *Plaintiff,*

         -against-

LUIGI'S DOLCERIA, INC. (d/b/a LUIGI'S DOLCERIA), LUIGI DI ROSA and ANGELO DI ROSA,

               *Defendants.*
-------------------------------------------------------X

Docket No.: 14-cv-871 (VVP)


# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE TESTIMONY OF WITNESSES NOT TIMELY DISCLOSED

MICHAEL FAILLACE & ASSOCIATES, P.C.
Shawn Clark
60 East 42nd Street, Suite 2020
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiffs*

Plaintiff Silverio Quiroz, by his attorney Michael Faillace & Associates, P.C., submits this memorandum of law in support of his motion *in limine* to exclude the testimony of proposed defense witnesses "Tony from Big Al's Pizza" and "Peter from Intercounty," individuals who were not properly identified or disclosed in discovery.

**ARGUMENT**

**I.  DEFENDANTS' PROPOSED WITNESSES WERE NOT TIMELY DISCLOSED AND SHOULD BE EXCLUDED FROM TRIAL**

Federal Rule of Civil Procedure 26 requires a party to provide certain initial disclosures automatically, including (i) the name, address, and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses; and (ii) a copy of all documents that the disclosing party may use to support its claims or defenses. *See* Fed. R. Civ. P. 26(a)(1)(A)-(B). Rule 26 also requires that a party supplement its initial disclosures throughout the course of litigation at appropriate intervals whenever it learns that the information originally provided turns out to be incomplete or incorrect. *See* Fed. R. Civ. P. 26(e)(1). Finally, Rule 26 requires that a party seasonably amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect. *See* Fed. R. Civ. P. 26(e)(2); Fed. R. Civ. P. 26 Advisory Committee's Note (supplementations should be made with special promptness as the trial date approaches).

> To ensure compliance with Rule 26, Rule 37 provides that any party that:
>
> [W]ithout substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.

*See* Fed. R. Civ. P. 37(c)(1). Exclusion is "automatic and mandatory" unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless. *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996).

Here, proposed defense witnesses "Tony from Big Al's Pizza" and "Peter from Intercounty" have been disclosed for the first time in the parties' joint pretrial order. The Defendants' Rule 26 disclosures do not identify either of these individuals, and these disclosures have never been supplemented. *See* Defendants' Rule 26 Initial Disclosures, annexed to the Clark Declaration as Exhibit A.

In addition to failing to identify these individuals in their Rule 26 disclosures, the Defendants did not identify them in their responses to interrogatories in this matter or at deposition. *See* Defendants' Responses to Interrogatories dated August 1, 2014, annexed to the Clark Declaration as Exhibit B. Although Defendants *did* identify many of their proposed witnesses in their interrogatory responses, they failed to identify either "Tony from Big Al's Pizza" or "Peter from Intercounty." Indeed, as Defendants did not supply an address, last name, or the relevant information possessed by either proposed witness, it is unclear what, if any, benefit these witnesses will offer the fact-finder in this matter. They should be precluded.

## **CONCLUSION**

Wherefore, it is respectfully requested that the Court exclude the testimony of proposed witnesses "Tony from Big Al's Pizza" and "Peter from Intercounty."

Dated: New York, New York
       March 3, 2015

                                              MICHAEL FAILLACE & ASSOCIATES, P.C.
                                              *Attorneys for Plaintiffs*

                                              By: ___/s/ Shawn Clark _
                                              Shawn R. Clark
                                              Michael Faillace & Associates, P.C.
                                              60 East 42nd Street, Suite 2020
                                              New York, New York 10022
                                              (212) 317-1200