UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SILVERIO QUIROZ,

                        Plaintiff,                         **OPINION AND ORDER**
                                                                 **AWARDING ATTORNEYS'**
          - v -                                                       **FEES AND COSTS**

LUIGI'S DOLCERIA, INC., (d/b/a                          14-CV-871 (VVP)
LUIGI'S DOLCERIA), LUIGI DI ROSA
and ANGELO DI ROSA

                        Defendants.
-----------------------------------------------------------x

POHORELSKY, Magistrate Judge:

      Following the entry of judgment in this action, the plaintiff has timely moved for an order awarding attorneys' fees and costs. For the reasons below the motion is granted.

## DISCUSSION

      The plaintiff brought this action under both the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (the "FLSA"), and the New York Labor Law (the "NYLL"). Both laws essentially mandate an award of reasonable attorneys' fees and costs to a plaintiff who prevails on his or her claims under those laws. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); N.Y. Lab. Law § 198(1-a) ("In any action instituted . . . by an employee . . . in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, . . .."); *see also* N.Y. Lab. Law § 663(1). As the plaintiff here has prevailed, the court must undertake the task of determining the reasonable attorneys' fees and costs to be awarded.

I.      STANDARDS OF LAW: REASONABLE ATTORNEY'S FEES

      Where a party is entitled to fees, the district court calculates the "presumptively reasonable fee" by the "lodestar" method, which entails determining the "number of hours reasonably expended on the litigation [and] multipl[ying that figure] by a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *see also*

*Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ("Both this Court and the Supreme Court have held that the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee.'") (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008) and citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 130 S. Ct. 1662, 1673, 176 L.Ed.2d 494 (2010)); *McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 420-21 (2d Cir. 2010) (discussing *Arbor Hill*). The Supreme Court held that "the lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Kenny A.*, 559 U.S. at 551 (emphasis in original). Relying on its prior decision in *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S. Ct. 3088, 92 L.Ed.2d 439 (1986), the Court stated that "'the lodestar figure includes most, if not all, of the relevant factors constituting a reasonable attorney's fee.'" *Kenny A.*, 559 U.S. at 553 (quoting *Delaware Valley*, 478 U.S. at 566) (internal quotation marks omitted); *see also Arbor Hill*, 522 F.3d at 184, 190-91 (in order to determine a reasonable fee, courts should consider a number of case-specific factors[1] to establish what a "reasonable, paying client would be

---

[1] These factors include, but are not limited to, the

> complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively[,] the timing demands of the case, [and] whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself,

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184 (2d Cir. 2008) – as well as the twelve factors the Fifth Circuit employed in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated by Blanchard v. Bergeron*, 489 U.S. 87, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989). The *Johnson* factors include (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to properly perform the relevant services; (4) the preclusion of other employment attendant to counsel's acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) fee awards in similar cases. *Johnson*, 488 F.2d at 717-19.

willing to pay," and then multiply that rate by the number of hours reasonably spent on the case). This determination is undertaken consistent with the principle that a "reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190. The reasonableness of hourly rates are guided by the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation," *Blum v. Stenson*, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984), and the relevant community is generally the "district in which the court sits." *Polk v. New York State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983) (citing cases).

An application for attorneys fees in this Circuit must be accompanied by contemporaneous billing records for each attorney documenting the date, the hours expended, and the nature of the work. *See Scott v. City of New York*, 643 F.3d 56, 57 (2d Cir. 2011); *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147-48, 1154 (2d Cir. 1983). The court may exclude hours that it finds excessive, duplicative, or unnecessary. *Duke v. Cnty. of Nassau*, No. 97-CV-1495 (JS), 2003 WL 23315463, at *1 (E.D.N.Y. Apr. 14, 2003) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997)).

A.  **Hourly Rate**

In determining the reasonable hourly rate to be awarded, one consideration is the range of hourly rates ordinarily awarded in this district. Hourly rates awarded in the Eastern District of New York are typically based on years of experience, and generally range from $300-$450 per hour for partners, $200-$300 per hour for senior associates, and $100-$200 per hour for junior associates. *Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 298-99 (E.D.N.Y. 2012) (citing cases); *Garland v. Cohen & Krassner*, No. 08-CV-4626, 2011 WL 6010211, at *9 (E.D.N.Y. Nov. 29, 2011) (citing cases and providing rates of $200-$350 per hour for partners, $200-$250 per hour for senior associates, and $100-$150 per hour for junior associates). They also vary based on consideration of the factors described above, including the type of case, the degree of success obtained, and the complexity of the issues.

In *Fawzy v. Gendy,* No. 12-CV-5580, 2013 WL 5537128 (E.D.N.Y. Oct. 6, 2013), the Honorable Brian M. Cogan conducted a survey of awards for attorneys fees in FLSA cases in the Eastern District of New York. As I concur with his view that "in ascertaining a reasonable hourly rate for FLSA cases, it is important to focus on FLSA cases," *see id.* at *2; *see also Juarez v. Precision Apparel, Inc.*, No. 12-CV-2349, 2013 WL 5210142, at *14 (E.D.N.Y. Sept. 13, 2013) ("The Court may look to fees awarded in recent FLSA cases in the Eastern District of New York in order to determine whether fees requested are reasonable."), I afford considerable weight to Judge Cogan's findings.

Judge Cogan's survey reveals that experienced counsel litigating FLSA cases in this district have obtained fee awards ranging from $275 to $375 per hour. *See Fawzy* at *1 and cases cited therein. Even those cases in which courts awarded rates at the higher end of this spectrum involved fairly straightforward FLSA matters. *See Cuevas v. Ruby Enters. of New York Inc.*, No. 10–CV–5257, 2013 WL 3057715 (E.D.N.Y. June 17, 2013) ($350 per hour awarded where "[t]hough the case proceeded through trial, the issues were relatively straightforward and the case was not particularly complex."); *Guzman v. Joesons Auto Parts*, No. CV-11-4543, 2013 WL 2898154 (E.D.N.Y. June 13, 2013) (partner awarded $350 per hour in FLSA case in which "the issues addressed were far less complex and time consuming" than those faced in similar cases); *Jean v. Auto and Tire Spot Corp.*, No. 09-CV-5394, 2013 WL 2322834 (E.D.N.Y. May 28, 2013) ($350 per hour awarded for partner with more than 15 years of experience); *Jemine v. Dennis*, 901 F. Supp. 2d 365 (E.D.N.Y. 2012) (awarding $375 per hour to experienced litigator in "relatively straightforward" case); *Janus v. Regalis Const., Inc.*, No. 11-CV-5788, 2012 WL 3878113 (E.D.N.Y. July 23, 2012), *report and recommendation adopted*, No. 11-CV-5788, 2012 WL 3877963 (E.D.N.Y. Sept. 4, 2012) (partner whose "experience in wage litigation is extensive" awarded $350 per hour in "relatively straightforward" case); *Santillan v. Henao*, 822 F. Supp. 2d 284 (E.D.N.Y. 2011) (experienced partner awarded $375 per hour).[2]

---

[2] Although there is some precedent for awarding $400 per hour in FLSA cases in this district (*see, e.g., Apolinar v. Global Deli & Grocery, Inc.*, No. 12-CV-3446, 2013 WL 5408122, at *15 (E.D.N.Y. Sept. 25, 2013)), such awards appear to be outliers. *See Llolla v. Karen Gardens Apartment Corp.*, No. 12-CV-

B.  **Reasonable Number of Hours**

Courts are given broad discretion to evaluate the reasonableness of the number of hours expended. *See Anderson v. Sotheby's, Inc.*, No. 04-CV-8180, 2006 WL 2637535, at *1 (S.D.N.Y. Sept. 11, 2006); *see also Hensley v. Eckerhart*, 461 U.S. 424, 436-37, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Luciano v. Olsten Corp.*, 109 F.3d 111, 115-16 (2d Cir. 1997). In considering what is reasonable, courts "should exclude excessive, redundant or otherwise unnecessary hours." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999) (citing *Hensley*, 461 U.S. at 433-35). Courts should consider "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (citing *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990)). A court has broad discretion to "trim the fat" in an application for attorneys' fees, and to eliminate excessive or duplicative hours. *See Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d. Cir. 1988); *see also Quaratino*, 166 F.3d at 425; *New York Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146-47 (2d Cir. 1983).

Determining reasonable attorneys' fees thus requires a review of reasonably detailed contemporaneous time records, as contemplated by *Carey*, 711 F.2d at 1147-48; *see also Scott v. City of New York*, 643 F.3d 56, 57 (2d Cir. 2011). It is the attorney's burden to maintain contemporaneous records, and "[w]here adequate records are not submitted, the court may deny fees altogether or reduce the award." *In re City of New York*, No. 03-CV-6049, 2011 WL 7145228, at *11 (E.D.N.Y. Dec. 2, 2011), *report and recommendation adopted* (Jan. 19, 2012) (citing *Carey*, 711 F.2d at 1148; *Private Sanitation Union Local 813, Int'l Bhd. of Teamsters v. Gaeta-Serra Assocs., Inc.*, No. 02-CV-5526, 2005 WL 2436194, at *3-4 (E.D.N.Y. Aug. 12, 2005) *report and recommendation adopted*, No. 02-CV-5526, 2005 WL 2429311 (E.D.N.Y. Sept. 30, 2005)).

---

1356, 2014 WL 1310311, at *13 (E.D.N.Y. Mar. 10, 2014), *report and recommendation adopted as modified*, No. 12-CV-1356, 2014 WL 1311773 (E.D.N.Y. Mar. 28, 2014) ($400 hourly rate sought by partner in FLSA and NYLL case "exceeds those considered reasonable in this district.") (collecting cases).

## II.   THE ATTORNEYS FEES AND COSTS TO BE AWARDED IN THIS CASE

In support of the application for fees and costs, the plaintiff has submitted the billing records of his attorneys, Michael Faillace & Associates, P.C.  See Decl. of Shawn Clark, Ex. A [Dkt. Ent. 50-1].  The records reflect the tasks that were performed, the date when the tasks were performed, the amount of time spent on each task, and the attorney who performed the task.  The records also reflect the amount billed by each attorney for the task performed.  Finally, the records disclose the expenses incurred in prosecuting the case.

### A.   Attorneys' Fees

Although some of the descriptions concerning the tasks performed by the attorneys are rather cryptic, with but two exceptions they provide sufficient information for the court to assess both the nature of the work accomplished and the reasonableness of the time spent.  The two exceptions are an entry for August 15, 2014 which has no description whatsoever, and an entry for October 14, 2014 which simply states "meet with client" without any description of the nature of the meeting.  Accordingly, the time reflected in those two entries is excluded from the computation of fees.  As to the remaining entries, the tasks described were necessary and the amount of time spent was reasonable; therefore no deductions are warranted as to those entries.

As to the rates charged for each attorney's work, the records reflect that three attorneys performed work – Michael Faillace, Joshua Androphy, and Shawn Clark.  The plaintiff seeks a rate of $450 per hour for Faillace who is a partner in the firm, $400 per hour for Androphy who is a senior litigation associate, and $375 per hour for Clark who is a litigation associate.  The memorandum submitted in support of the fee application advises that Faillace has a decade of experience in employment litigation, that Androphy has a number of years of general litigation experience and had been at the firm for about two years when he did work on this case, and that Clark had been at the firm handling employment matters for only a year or so when he performed the balance of the work on this case.

Considering their level of experience in the light of the precedent in this district for fees in wage and hour cases as set forth above, I conclude that the rates sought for the

attorneys here are higher than those typically awarded in this district. The case was as straightforward as any that have come before the court, requiring very little legal or factual analysis and presenting no unique or unusual legal issues. That the defendants were acting *pro se* during the trial and most of the other contested portions of the case made counsel's task less challenging than in a case where opposing counsel are involved. Accordingly, I find that the more appropriate rates for each of the attorneys in this case are $350 per hour for Faillace, $250 per hour for Androphy, and $200 per hour for Clark.

After excluding the two items noted above, the billing records disclose the following number of hours of work performed by each of the three attorneys: Faillace – 9.4 hours; Androphy – 10.1 hours; and Clark – 33.05. At the reasonable rates determined above, the fees attributable to each attorney come to $3,290 for Faillace, $2,525 for Androphy, and $6,610 for Clark, yielding total reasonable attorneys fees of $12,425.

### B. Costs

The billing records disclose various reimbursable costs as follows: filing fee of $400; service of process fees totaling $225; deposition transcript costs of $785; and interpreter fees of $850 for both the deposition and for trial. The total of reimbursable costs comes to $2,260.

### III. APPORTIONMENT

The defendant Luigi Di Rosa has requested that any award of fees and costs be apportioned amongst the defendants in accordance with the percentages of liability each incurred based on the court's Findings of Fact and Conclusions of Law. The plaintiff has not opposed that request. Thus, as the corporate defendant Luigi's Dolceria Inc. is liable for the entire amount awarded to the plaintiff, it is jointly and severally liable with the other defendants for the entire award of fees and costs. Based on the amounts awarded in the Findings of Fact and Conclusions of Law, Luigi Di Rosa is liable for 29% of the total award and Angelo Di Rosa is liable for 71% of the total award. The total award of fees and costs, which comes to $14,685, is thus apportioned between them in the same percentages, yielding liability in the amount of $4,258.65 for Luigi Di Rosa, and $10,426.35 for Angelo Di Rosa.

## CONCLUSION

For the foregoing reasons, the plaintiff is entitled to an award of attorneys' fees and costs in the amount of $14,685.  The defendant Luigi's Dolceria Inc. is liable for the entire amount, Luigi Di Rosa is jointly and severally liable with Luigi's Dolceria Inc. in the amount of $4,258.65, and Angelo Di Rosa is jointly and severally liable with Luigi's Dolceria Inc. in the amount of $10,426.35.  Judgment is to be entered accordingly.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:   Brooklyn, New York
         October 28, 2016